UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: ) | |
| ) | |
|     MARLENE CORDOVA ) | Case No. 07-12063-SSM |
| ) | Chapter 7 |
| Debtor ) | |
| ) | |
| LASALLE NATIONAL ASSOCIATION, ) | |
| AS TRUSTEE ) | |
| ) | |
| Movant ) | |
| ) | |
| vs. ) | |
| ) | |
| MARLENE CORDOVA *et al* ) | |
| ) | |
| Respondents ) | |

**MEMORANDUM OPINION**

At a hearing held on October 17, 2007, the court granted the motion of LaSalle National Association, as Trustee, for relief from the automatic stay in order to enforce a deed of trust against real estate owned by the debtor at 1068 East Madison Court, Sterling, Virginia. No one appeared at the hearing to oppose the motion, and a written opposition the debtor filed *pro se* was not entered on the docket until the day of the hearing, with the result that the court became aware of it only after the hearing. Having considered the written opposition, however, the court determines that the issues raised would not have changed the court's ruling, which will therefore stand, <u>unless</u>, within <u>ten</u> days, the debtor converts her case to chapter 13 and obtains confirmation of a plan that cures the mortgage defaults over a reasonable period.

Background

The debtor is employed as an analyst at the World Bank. She filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in this court on August 3, 2007, and has not yet received a discharge.[1] On her schedule of assets, she listed ownership of a "single family residence" in Sterling, Virginia,[2] which she valued at $475,000. The schedules reflect two liens against the residence: a first mortgage in favor of Ocwen Loan Servicing in the amount of $337,743 and a second mortgage in favor of Citifinancial in the amount of $125,318.14. On her statement of intent, she states that both debts will be reaffirmed. The meeting of creditors was held on September 10, 2007. The trustee, H. Jason Gold, filed a report of no distribution on September 17, 2007, reporting that there were no assets to administer for the benefit of creditors.

The present motion for relief from the automatic stay was filed two days later. It asserts that payments on what the court assumes to be the first (i.e., Ocwen) deed of trust are three months in arrears; that the payoff on the note is $346,333.24; that the value of the property is $452,200; that the property is not necessary for an effective reorganization; and that the security interest is not adequately protected and will be "significantly jeopardized and/or destroyed" if the movant is not permitted to go forward with a foreclosure. A notice of hearing was mailed to the debtor, her attorney, and the chapter 7 trustee. Consistent with the local bankruptcy rules, the notice required that any response objecting to the requested

---

[1] The last date for filing objections to discharge is November 9, 2007. If no timely objection is filed, a discharge is normally issued approximately ten days later.

[2] The schedules do not list either the street address or a short legal description.

relief be filed with the clerk, and served on the movant's attorney, within 15 days of the mailing of the notice. LBR 4001(a)-1(C)The notice having been mailed on September 19, 2007, the last date for responding (taking into account the 3-day extension where notice is given by mail and the additional 2-day extension because the calculated date fell on a Sunday, and Monday was a legal holiday) would have been October 9, 2007. Fed.R.Bankr.P. 9006(a) and (f). No response was filed by that date, and, as noted, no one appeared at the hearing to oppose the motion.

The debtor's late-filed response[3] asserts in substance that she is only two payments behind, not three; that she entered into a written forbearance agreement with Ocwen on March 9, 2007; that she had made payments in accordance with the agreement through August 2007; that short-term financial problems (including a $631 increase in the mortgage payment) caused her to miss the September and October payments; and that her attempts to refinance had been unsuccessful because of her poor credit score and lack of equity. She asks that the court help her to negotiate a payment arrangement with Ocwen to bring the account current, and stresses that she has a stable income with which to make payments going forward. She concludes:

> Please I do not want to lose my home. Having a home is the American Dream and God only know how much it took me to finally get it 4 years ago after living 25 years in the United States.

Discussion

---

[3] The response is dated October 13, 2007, was file-stamped by the clerk on October 16, 2007, and was entered on the docket on October 16, 2007.

The filing of a bankruptcy petition operates as an automatic stay of a broad range of creditor activity, including the enforcement of a prepetition lien against property of the estate or property of the debtor.  §362(a)(4) and (5), Bankruptcy Code.  The stay terminates, as to property of the estate, once property ceases to be property of the estate; and it terminates, as to property of the debtor, when the debtor is granted or denied a discharge.  §362(c)(1) and (2), Bankruptcy Code.  Prior to its termination by operation of law, the automatic stay also be annulled, terminated, modified, or conditioned by the court upon motion of the party stayed for "cause," including lack of adequate protection or if the debtor has no equity in the property and the property is not necessary for a successful reorganization.  §362(d)(1) and (2), Bankruptcy Code.  The movant in this case, being in first-lien position and having (by its own figures) an equity cushion of over $100,000, cannot justifiably claim that its interest is not adequately protected, at least in the short term.  On the other hand, the debtor by her own admission has no equity in the property (taking into account the Citifinancial second mortgage), and because a chapter 7 case is by definition not a reorganization case, the property is not necessary for the debtor's reorganization.  Additionally, even when a secured creditor has an ample equity cushion, relief from the automatic stay will normally be granted if there is a significant payment default.

Although the court is sympathetic with the debtor's desire to work out payment plan with the mortgage company, the court cannot, in a chapter 7 case, impose such a plan on the secured creditor.  Of course, simply because relief from the stay is granted does not necessarily mean that the secured creditor will proceed with foreclosure.  The court is aware,

at least anecdotally, that many times debtors and secured creditors do reach consensual arrangements after relief from stay has been granted. Be that as it may, the court can impose a repayment plan on a secured creditor only in the context of a reorganization case, which would include a case under chapter 13 of the Bankruptcy Code. The debtor has the right, which can only be denied for bad faith, to convert her case to chapter 13. §706(a), Bankruptcy Code. If she does so, she can propose a plan that would cure the mortgage defaults over a reasonable period of time while maintaining the regular mortgage payments. §1322(b)(5), Bankruptcy Code. But absent a conversion of the case to chapter 13, there is no legal basis upon which the court can impose a payment plan on LaSalle/Ocwen.

For the reasons stated, a separate order will be entered granting relief from the automatic stay unless, within <u>ten days</u> of the entry of the order, the debtor files a motion to convert her case to chapter 13 and obtains confirmation of a plan that cures the mortgage arrears.

Date: _____                    _____
                                                 Stephen S. Mitchell
Alexandria, Virginia                             United States Bankruptcy Judge


Copies to:

Trenita Jackson-Stewart, Esquire
Shapiro & Burson, LLP
236 Clearfield Avenue, Suite 215
Virginia Beach, Virginia  23462
Counsel for the movant

Marlene Cordova
1608 E. Madison Court
Sterling, VA 20164
Debtor

Bennett A. Brown, Esquire
3905 Railroad Avenue, Suite 200N
Fairfax, VA  22030
Counsel for the debtor

H. Jason Gold, Esquire
Wiley Rein & Fielding LLP
7925 Jones Branch Drive, Suite 6200
McLean, VA  22101
Chapter 7 trustee